417 So.2d 305 (1982)
RUSTIC VILLAGE, INC., a Florida Corporation, and Steven Shere, Appellants,
v.
Elayne FRIEDMAN, Appellee.
No. 81-1856.
District Court of Appeal of Florida, Third District.
July 27, 1982.
Krongold & Bass and Paul H. Bass, Coral Gables, for appellants.
Resnick, Rosenthal & Weiss and Leon J. Weiss, Miami, for appellee.
Before HUBBART, C.J., SCHWARTZ, J., and PEARSON, TILLMAN (Ret.), Associate Judge.
PEARSON, Tillman
The defendant in an action brought pursuant to the Florida Deceptive and Unfair Trade Practices Act, Section 501.201, et seq., Florida Statutes (1979), appeals an order of the trial court denying a motion for attorney's fees pursuant to Section 501.2105[1] of the Act. We reverse upon a holding that where a plaintiff brings a claim under the Act, an attorney's fee is to be allowed a prevailing defendant even though the trial judge holds that the cause of action is not one contemplated by the Act.
The complaint in this cause was brought expressly for relief under the Florida Deceptive and Unfair Trade Practices Act. Upon the defendant's motion, the trial *306 judge entered a judgment on the pleadings because the transactions described in the complaint were not covered by the provisions of the Act. Thereafter, the defendant moved for an attorney's fee pursuant to Section 501.2105. [See n. 1.] The trial judge denied this motion.
The plaintiff, as appellee, attempts to support the order appealed on the basis that once the trial court had found the Act "inapplicable," it could not then utilize the Act for the purpose of granting the prevailing defendant an attorney's fee. It is apparent that this is not the case since the Act was applied in the action. It is simply that after being applied, it did not produce a remedy for this plaintiff. To some degree, such is the result in every case where a defendant prevails. The plaintiff, having invoked the Act, is liable for an attorney's fee because he did not prevail. Cf. Falovitch v. Gunn and Gunn Construction Company, 348 So.2d 560 (Fla. 3d DCA 1977).
Reversed and remanded with directions to grant the defendant the fee provided by statute.
NOTES
[1] 501.2105 Attorney's fees. 

(1) In any civil ligitation resulting from a consumer transaction involving a violation of this part, except as provided in subsection (5), the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, shall receive his reasonable attorney's fees and costs from the nonprevailing party.