WALDEN, Judge.
This appeal challenges the denial of appellants’ claim for attorney fees in the trial court. We hold that such denial was error and reverse.
The base litigation involved the validity of a long term condominium recreation lease. Appellants, defendants in the trial court, prevailed.
Appellants did not plead their entitlement to attorney fees in their answer and affirmative defenses. The matter of attorney fees was first raised in the appellants’ formal pleadings when after judgment they filed their verified motion for attorney fees.
It is axiomatic that attorney fees may be allowed only where authorized by statute or contract. We feel that appellants qualify under either or both avenues.
CONTRACT ENTITLEMENT
The lease which was critically involved in this litigation provided:
XVI. G. If at any time, by reason of the failure of the Lessee to keep and perform any covenant or agreement which under the terms of this Lease the Lessee is bound and obligated to keep and perform, it becomes necessary for Lessor to employ an attorney to protect the rights and interests of the Lessor in the demised premises, or to enforce the terms and provisions of this Lease, or proceed under it in any particular, then in any of such events, the Lessee will owe and will pay unto Lessor all costs of court and reasonable attorney’s fees incurred or expended by the Lessor in taking such actions. (emphasis supplied)
Although appellants prevailed in the litigation in chief, the trial court denied their motion for attorney fees, saying:
The court is unable to agree that the intention to claim attorneys’ fees may substitute for claiming attorneys’ fees; or that it was the intention of paragraph XVI G in the long term lease that the landlord is entitled to attorneys' fees whenever it is necessary to protect its interests. Even if it were, attorneys’ fees were not requested in defendants’ pleadings.
In our opinion it cannot be seriously contended that appellants were not entitled to an award of attorney fees under the all encompassing terms of paragraph XVI G of the lease and we, therefore, choose not to plumb that aspect or extend this opinion on that account.
As we view it, and as the parties largely argue, the dispositive issue is the effect of appellants failure to initially plead their entitlement to fees.
The overwhelming bulk of the cases hold that it is necessary to request attorney fees in the parties’ basic pleadings when claiming under a contract. An exception is Marrero v. Cavero, 400 So.2d 802 (Fla. 3d DCA 1981) where it was stated:
Defendants’ entitlement to an attorney’s fee based on a contract in evidence was not defeated by failure to plead for same as they presented the issue before the trial court by timely motion made after *183 judgment for the defendants — although it would have been better practice for the defendants to have pled for said attorney’s fees in their answer.
Conversely, it is not necessary to so plead entitlement when claiming under a statute. See, for example, Ocala Music & Marine Center v. Caldwell, 389 So.2d 222 (Fla. 5th DCA 1980).
Everyone agrees, regardless of route, that it would be indeed better practice to plead entitlement to attorney fees in a party’s initial pleading.
Upon reflection we can not originate or find a rationale that meaningfully supports the distinction made by the courts between the necessity for pleading entitlement when based on contract vs. statute. We would prefer that the treatment be made uniform, one way or the other. However, mindful of our limited office and the authorities that have long maintained the distinction, we leave such resolution, if it is to be done, to the Supreme Court.
Assuming that the case law requires the claim to be pleaded, in this case, in the appellants’ answer and affirmative defenses, and accepting that appellants did not do so, we opine that such failure here was not fatal to their claim based upon these special considerations:
A.There was a colloquy between court and counsel at pre-trial conference as follows:
MR. TATUM: Judge, are we going to decide attorney’s fees during the trial? Are we going to go ahead and put that testimony on?
THE COURT: It’s up to you.
MR. JOSEPHS: It seems to me that— what I propose is that we resolve that at a later time because it may not be necessary to get into it.
MR. TATUM: That’s one group of experts that we wouldn’t have to even retain until we see who comes out — who is the prevailing party, Your Honor.
MR. SMITH: I have no objection to doing that.
MR. TATUM: It might save everybody some time.
THE COURT: Jurisdiction will be retained to consider the award of attorney’s fees.
B. Appellees’ pre-trial statement listed as an issue, “24. Are any of the parties entitled to the recovery of attorney fees and, if so, in what amount.”
C. In the final judgment the trial court expressly retained jurisdiction with respect to:
(b) The determination of the entitlement of Defendants for attorney fees and legal expenses pursuant to the provisions of the Long Term Lease, Condominium Documents and applicable Florida law.
D. Thereafter, as stated, appellants filed their Verified Motion for Attorneys’ Fees and Costs. Florida uses what is commonly considered as a notice pleading concept and it is a fundamental rule that the claims and ultimate facts supporting same must be alleged. The reason for the rule is to appraise the other party of the nature of the contentions that he will be called upon to meet, and to enable the court to decide whether same are sufficient. See generally 25 FlaJur. Pleadings § 3, 8, and 42.
It is manifest from the foregoing outline of events that appellees and the trial court at all pertinent times knew, recognized and acquiesced, without objection or suggestion of surprise, prejudice or disaccommodation, that appellants were claiming fees and the contract basis for that claim. Moreover, the recognition at pre-trial conference by all involved, including the court, of appellants’ claim is a legitimate basis for a finding of waiver or estoppel as concerns appellants’ failure to plead. It is fair to speculate that had the appellees or the court expressed any surprise or discontent with the notion that appellants were seeking fees, then certainly appellants would have been galvanized into formally amending and pleading their entitlement. As matters stood, appellants were affirmatively lulled into believing that their claim was known, alive, and that same would be adjudicated. Based on these facts, appellees should not *184 be heard or permitted to now object to appellants’ failure to formally plead. (They had filed a motion to strike appellants’ verified motion for attorney fees solely on the grounds that appellants had not claimed such fees in their pleadings.)
We hold that the trial court should have adjudicated appellants’ contractual claim for attorney fees upon the basis that the claim was before the court by consent or waiver, entered judgment, and then entertained a motion to amend the pleadings to conform with the evidence under Florida Rule of Civil Procedure 1.190(b). See generally, Florida Rules of Civil Procedure 1.190(a) and (e) which reflect the liberality with which amendments are to be allowed.
STATUTORY ENTITLEMENT
As earlier recited, it is not necessary to plead entitlement to statutory attorney fees. Appellants sought fees under the provisions of Section 501.2105, Florida Statutes (1981). Appellants’ motion for fees only mentioned their right per contract. However their memoranda in support adequately made the statutory claim which the court did correctly consider in light of the pre-trial stipulation and reservation of jurisdiction previously mentioned. See Mainlands of Tamarac, etc. v. Morris, 388 So.2d 226 (Fla. 2d DCA 1980).
It was pointed out that Count VII of the appellees’ amended complaint was brought pursuant to the provisions of Section 501.201, et seq., Florida Statutes (1981) and that there, too, the appellants prevailed. Appellants’ statutory claim was rejected because Count VII did not concern a “consumer transaction.” We deem this reasoned rejection to be error and reverse.
An examination of appellee’s amended complaint, count VII entitled, “Deceptive and Unfair Trade Practices,” reveals that it was grounded specifically upon the provisions of Section 501.201, Florida Statutes (1981) and appellees claimed for themselves attorney fees thereunder. As to Count VII, the appellants prevailed as the trial court found, among other things, — “the sale of real estate is not included in the definition of “consumer transaction” in Chapter 501, Florida Statutes; therefore, the act is not applicable to the sale of condominium units by the developer.” The trial court then carried this ruling forward in its consideration of appellants’ claim for fees under Section 501.2105, Florida Statutes (1981) by in effect saying they couldn’t be awarded attorney fees under this chapter since he had ruled contrary to appellees’ contention that there was a consumer transaction. In other words, heads I win, tails you lose.
We reverse upon authority of Rustic Village, Inc. v. Friedman, 417 So.2d 305 (Fla. 3d DCA 1982). In fairness we call attention to the fact that this opinion was issued after entry of the appealed order. In the Rustic Village case, a successful defendant was denied attorney fees in an action brought, as here, under Section 501.2105, Florida Statutes (1981). The court held, “that where a plaintiff brings a claim under the act, an attorney’s fee is to be allowed a prevailing defendant even though the trial judge holds that the cause of action is not one contemplated by the act.” Moreover,
The plaintiff, as appellee, attempts to support the order appealed on the basis that once the trial court had found the Act “inapplicable,” it could not then utilize the Act for the purpose of granting the prevailing defendant an attorney’s fee. It is apparent that this is not the case since the Act was applied in the action. It is simply that after being applied, it did not produce a remedy for this plaintiff. To some degree, such is the result in every case where a defendant prevails. The plaintiff, having invoked the Act, is liable for an attorney’s fee because he did not prevail. Cf. Falovitch v. Gunn and Gunn Construction Company, 348 So.2d 560 (Fla. 3d DCA 1977).
Reversed and remanded with instructions to allow appellants an attorney fee either by contract or statute.
GLICKSTEIN, J., concurs.
DELL, J., concurs specially with opinion.