433 So.2d 651 (1983)
DARRELL SWANSON CONSOLIDATED SERVICES, Appellant,
v.
Floyd DAVIS, Appellee.
No. AO-170.
District Court of Appeal of Florida, First District.
June 27, 1983.
H. Randall Fallin, P.A., Jacksonville, for appellant.
John R. Forbes, P.A., Jacksonville, for appellee.
ZEHMER, Judge.
Darrell Swanson Consolidated Services (Swanson) appeals a final judgment awarding Floyd Davis damages for Swanson's failure to perform under a 50,000 mile or six months warranty of repairs made to *652 Davis's diesel-powered truck. Swanson makes three complaints:
1. The trial court erred during his non-jury trial in not applying the doctrine of comparative negligence to reduce the amount of appellee's damages;
2. The evidence of damage suffered by Davis was insufficient to support the award; and
3. The trial court erred in applying Chapter 501, Part II, Florida Statutes (1981) (the "Florida Deceptive and Unfair Trade Practices Act") to the facts in this case and awarding attorney's fees to Davis under Section 501.2105 thereof.
On December 26, 1980, Davis, who had been engaged in the trucking business for some ten to twenty years, brought his diesel-powered truck to Swanson for an engine overhaul. Swanson performed the repairs and warranted the work for 50,000 miles or six months. According to Davis's second amended complaint, which is amply supported by the evidence adduced at trial:
On numerous occasions since the completion of said work while the Plaintiff was using said truck during his ordinary course of business and for which ordinary course of business said repairs were intended to operate to the benefit of the Plaintiff, said truck has experienced mechanical defects that were a result of improper work performed by the Defendant. As a result Plaintiff has lost the use of his vehicle and has suffered damages therefrom and has suffered further the loss of the sums of money paid for said repairs. (Emphasis supplied)
We reject Swanson's first contention. No issue of comparative negligence was raised in any pleading, nor was any motion made to amend the pleadings to conform to the evidence so as to raise this issue. Rule 1.190(b), Florida Rules of Civil Procedure. Swanson has not shown that this issue was tried with the implied consent of appellee. In any event, the record fails to contain evidence requiring a finding that Davis was guilty of negligence.
Swanson's second point is likewise without merit. There was evidence before the trial court sufficient to support the amount of damages awarded.
Swanson's third point is well taken. The trial court erred in awarding attorney's fees to Davis under Chapter 501, Part II. The pertinent portion of Section 501.2105(1) provides:
In any civil litigation resulting from a consumer transaction involving a violation of this part ... the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, shall receive his reasonable attorney's fees and costs from the nonprevailing party.
Section 501.2105 applies only if a "consumer transaction" is the basis of the claim for damages.
Section 501.203(1) defines "consumer transaction" to mean:
A consumer service ... to an individual for purposes that are primarily personal, family, or household or that relate to a business opportunity that requires both his expenditure of money or property and his personal services on a continuing basis and in which he has not been previously engaged ... . (Emphasis supplied)
A cause of action for civil damages under Chapter 501 is legally insufficient in the absence of a showing that the plaintiff has not previously been engaged in the business involved. Black v. Department of Legal Affairs, 353 So.2d 655 (Fla. 2d DCA 1977). Since Davis had been previously engaged in the trucking business, the trial court erred in awarding attorney's fees under Chapter 501, and that portion of the final judgment must be set aside.
Appellee Davis contends that the judgment should nevertheless be affirmed in toto because, he says, Swanson never challenged the application of that statute in the lower court. We find this claim absolutely incredible. Davis alleged the applicability of Chapter 501 to the facts of this case in Count III of his second amended complaint. Swanson's answer thereto denied the allegations. The trial transcript reveals that appellant objected when Davis asked the *653 trial court to take judicial notice of the applicability of Chapter 501, arguing that the testimony did not reveal any wrongful action "that would fall under this FTC act, as it is called." This contention by Davis, in light of such irrefutable record support to the contrary, casts a dark shadow on the credibility of appellee's presentation. It is rejected.
We affirm in part, reverse in part, and remand for modification of the judgment in accordance herewith.
ROBERT P. SMITH, Jr., C.J., and WENTWORTH, J., concur.