534 So.2d 852 (1988)
J.R. SMITH, d/b/a Jalen Truck Service, Appellant,
v.
Saban BILGIN, d/b/a B & B Movers, Appellee.
No. 87-889.
District Court of Appeal of Florida, First District.
December 5, 1988.
E.T. Fernandez, III, Jacksonville, for appellant.
Gary A. Benson, Jacksonville, for appellee.
WENTWORTH, Judge.
This is an appeal from an order denying a motion for attorney's fees under section 501.2105, Florida Statutes. We reverse because we find appellant was a prevailing party with respect to appellee's Chapter 501 consumer protection claim, and no basis for allocation between the multiple claims was shown.
Appellee Bilgin d/b/a B & B Movers, plaintiff below, filed a complaint against appellant Smith d/b/a Jalen Truck Service, defendant below, alleging fraud, deceptive and unfair trade practices in violation of section 501.204, Florida Statutes, breach of contract, and breach of warranty. The cause arose out of engine repairs provided by appellant to appellee. Appellant filed a motion to strike appellee's claim for punitive damages, and a motion to dismiss the complaint, in part on grounds that the unfair and deceptive trade practices count failed "to sufficiently plead any elements of facts necessary to maintain a cause of action under Chapter 500 [sic], Consumer Protection, Florida Statutes." The court granted the motions, allowing appellee to file an amended complaint. Appellee filed an amended complaint, again alleging fraud, unfair and deceptive trade practices in violation of section 501.204(1), (2) and 15 U.S.C. s. 45(a), breach of contract and breach of warranty. Appellant again filed a motion to strike the claim for punitive damages and a motion to dismiss the complaint, again in part on grounds that the unfair and deceptive trade practices count failed "to sufficiently plead any elements or facts necessary to maintain a cause of action under Chapter 500 [sic], Consumer Protection, Florida Statutes." The court denied the motions.
The case was tried before a jury. The court granted appellant's motions for directed verdict on the unfair and deceptive trade practices count, the fraud count and the breach of warranty count. Appellant argued, as to the unfair and deceptive trade practices count, that Chapter 501 is *853 applicable only to consumer transactions, and that this case involved a transaction between two businesses. In opposing the motion for directed verdict on that count, appellee argued that this case related to a business opportunity that required both an expenditure of money or property, as provided for under section 501.203(1). The case proceeded on the breach of contract count, and the jury returned a verdict for appellant on that count. The trial court entered a final judgment for appellant, reserving jurisdiction to hear motions regarding costs and attorney's fees to be filed on behalf of the defendant.
Appellant filed a motion to tax costs, and a motion for attorney's fees based on appellant's status as the prevailing party and section 501.2105, providing for an award of fees to a prevailing party. In an affidavit attached to the motion for attorney's fees, appellant alleged that he had expended 100.6 hours of work in defending the case, and that he was entitled to a fee of $5,533. In a memorandum to counsel regarding attorney's fees, the court stated that appellant was entitled to a fee "for his work in defending the claim on the consumer transaction," that the fee should be apportioned between the work attributable to count II (unfair and deceptive trade practices) and the other counts, and that appellant should provide further testimony or affidavits with regard to the work performed for count II. Appellant did not provide the requested information. Following a hearing, the trial court entered an order finding that appellant was not entitled to recover a fee under the holding in Darrell Swanson Consolidated Services v. Davis, 433 So.2d 651 (Fla. 1st DCA 1983), and that, because appellant stated he could not apportion the legal work he performed between count II and the other counts, "there is really no evidence as to what a `reasonable fee' would be." The court denied the motion on the basis of Swanson, supra, and the fact that appellant had succeeded in having the trial court rule that the deceptive and unfair trade practices act was inapplicable. In conclusion, the court stated, "how can it be that if a statute is not applicable to a situation it can be the vehicle for awarding attorney's fees?"
Swanson v. Davis, supra, upon which the trial court relied, appears to be distinguishable and inapplicable to this case. In Swanson the trial court rendered judgment for appellee, the plaintiff below, apparently on claims predicated on Chapter 501 violations and breach of warranty. This court found Chapter 501 inapplicable to the cause of action because appellee had been engaged in the trucking business, and the cause of action did not arise out of a consumer transaction. The court therefore set aside the portion of the judgment awarding the fee based on section 501.2105. Thus, the plaintiff/appellee could not have been a prevailing party on the Chapter 501 claim since this court determined that his cause of action fell outside the requirements of Chapter 501.
In Rustic Village, Inc. v. Friedman, 417 So.2d 305 (Fla. 3d DCA 1982), the court reversed a denial of attorney's fees pursuant to section 501.2105 to a successful defendant, finding that "where a plaintiff brings a claim under the act, an attorney's fee is to be allowed a prevailing defendant even though the trial judge holds that the cause of action is not one contemplated by the act." 417 So.2d 305. As to plaintiff/appellee's argument that since the trial court found Chapter 501 inapplicable, Chapter 501 could not then be used for the purpose of granting the prevailing defendant a fee, the court responded:
It is apparent that this is not the case since the Act was applied in the action. It is simply that after being applied, it did not produce a remedy for this plaintiff. To some degree, such is the result in every case where a defendant prevails. The plaintiff, having invoked the Act, is liable for an attorney's fee because he did not prevail.
417 So.2d at 306. In Rustic Village the trial court entered a judgment on the pleadings for the defendant. The Fourth District followed Rustic Village in Brown v. Gardens by the Sea South Condominium Association, 424 So.2d 181 (Fla. 4th DCA 1983). In Brown, as in this case and in *854 Rustic Village, Chapter 501 was found to be inapplicable to the plaintiff's case because no consumer transaction was involved, and the trial court therefore refused to grant an attorney's fee to the prevailing defendant on grounds that the chapter was inapplicable. The Fourth District reversed the denial of attorney's fees. In Heindel v. Southside Chrysler-Plymouth, Inc., 476 So.2d 266 (Fla. 1st DCA 1985), this court ruled on the somewhat related issue of whether a defendant who was successful on a motion for directed verdict on a Chapter 501 claim, on grounds that the plaintiff's claim was based on a consumer transaction, was a prevailing party for purposes of a fee award under section 501.2105. Although the trial court granted the defendant's motion for directed verdict on the Chapter 501 claim, the trial court entered judgment for the plaintiff on breach of contract and bailment claims, and awarded damages of $4,647 to the plaintiff. This court found that, under those circumstances, the defendant was not a prevailing party under section 501.2105.
In this case, the trial court entered judgment against appellee as to all counts. Under these circumstances, appellant was a prevailing party under section 501.2105. Under the holdings in Rustic Village and Brown, appellee as the successful defendant is entitled to a fee under section 501.2105 because the plaintiff brought, but failed to establish, its claim under Chapter 501.
As to the allocation issue, section 501.2105(2) provides that the prevailing party shall submit a sworn affidavit of his time spent "on the case." Section 501.2105(3) provides that the trial judge shall award costs and fees for the hours actually spent "on the case." This court has found that the language of the statute "contemplates recovery of attorney's fees for hours devoted to the entire litigation ... and does not require allocation of attorney time between the Chapter 501 count and other alternative counts based on the same consumer transaction unless the attorney's services clearly were not related in any way to establishing or defending an alleged violation of Chapter 501." Heindel, supra, at 271. The opinion further elaborated that in actions containing a deceptive trade practices count and one or more alternative theories of recovery, all based on the same transaction, "no allocation of attorney's services need be made except to the extent counsel admits that a portion of the services was totally unrelated to the 501 claim or it is shown that the services related to issues, such as punitive damages, which were clearly beyond the scope of a 501 proceeding." 476 So.2d at 272.
In LaFerney v. Scott Smith Oldsmobile, Inc., 410 So.2d 534 (Fla. 5th DCA 1982), the trial court reduced the prevailing plaintiff's fee award under section 501.2105 by 80 percent on grounds that the Chapter 501 claim was only one of five counts in the complaint. The Fifth District reversed, finding that there was only one transaction or set of facts which gave rise to all five counts in the complaint, and that "in proving the deceptive trade practice, the appellant also proved part of the fraud count and all of the breach of contract count ... [P]roof of a deceptive trade practice under Chapter 501 may well, and frequently does, involve proof of breach of contract and fraud or misrepresentation." 410 So.2d at 536.
In this case, plaintiff's four counts were based on the same set of facts, and alleged fraud, deceptive trade practices, breach of contract and breach of warranty. As in LaFerney, these claims were interrelated, and appellant so alleged in his motion for rehearing on attorney's fees. Appellee's assertion that no issue of fact or law existed with regard to the deceptive trade practice count after the pleading stage is without merit. Appellant twice sought to dismiss that count in motions to dismiss. The trial court denied the second motion, thereby indicating that appellee had adequately repleaded the deceptive trade practice count with the addition of the federal statute. In response to appellant's motion for directed verdict at trial, appellee specifically argued the applicability of Chapter 501 to its cause of action. Appellant did not admit that any part of the litigation was unrelated to the 501 claim, and appellee did *855 not show that there were any issues beyond the scope of the 501 claim.
The order is reversed and the cause remanded for further consistent proceedings.
ERVIN and BOOTH, JJ., concur.