PER CURIAM.
Agreeing with the trial court that “[t]he Plaintiff breached the Agreement for Purchase and Sale with the Defendant, BISCAYNE COVE, and following Plaintiffs breach said Defendant was under no obligation to do anything further regarding the Contract for Purchase and Sale,” we affirm the final judgment.
We reverse, however, the trial court’s order denying Biscayne Cove attorney’s fees. “A post-judgment motion for attorney’s fees raises a ‘collateral and independent claim’ which the trial court has continuing jurisdiction to entertain within a reasonable time,” Finkelstein v. North Broward Hosp. Dist., 484 So.2d 1241, 1243 (Fla.1986), notwithstanding the trial court’s failure to reserve jurisdiction to award fees, Finkelstein, and the requesting party’s failure to plead entitlement to them. Autorico, Inc. v. Government Employees Ins. Co., 398 So.2d 485 (Fla. 3d DCA 1981).
Affirmed in part, reversed in part; remanded to the trial court for a determination and award of appropriate attorney’s fees.