555 So.2d 867 (1989)
George DOWNS and Regina Downs, Appellants,
v.
Ann W. STOCKMAN, Appellee.
No. 88-3043.
District Court of Appeal of Florida, Fourth District.
October 25, 1989.
On Petition for Rehearing January 31, 1990.
Harry D. Dennis, Jr., Pompano Beach, for appellants.
Richard F. Hussey, Fort Lauderdale, for appellee.
PER CURIAM.
The order denying appellants' post-judgment motion for allowance of prevailing party attorney's fees, as provided in the contract between the parties, is reversed upon authority of Finkelstein v. North Broward Hospital District, 484 So.2d 1241 (Fla. 1986), and Hollander v. Biscayne Cove, 546 So.2d 739 (Fla. 3d DCA 1989), and remanded to the trial court with directions to award attorney's fees to appellants.
DOWNEY and DELL, JJ., and FRANK, RICHARD H., Associate Judge, concur.

ON PETITION FOR REHEARING
DOWNEY, Judge.
The issue in this case was brought here by way of an appeal from a post-judgment order denying Downs' motion for an allowance of attorney's fees as the prevailing party in the litigation. We reversed that order in an opinion wherein we relied upon Finkelstein v. North Broward Hospital District, 484 So.2d 1241 (Fla. 1986), and Hollander v. Biscayne Cove, 546 So.2d 739 (Fla. 3d DCA 1989).
By petition for rehearing, Stockman contends that two cases from this court, Brown v. Gardens by the Sea South Condominium Association, 424 So.2d 181 (Fla. 4th DCA 1983), and Mechanical Methods Company v. Klein, 535 So.2d 693 (Fla. 4th DCA 1988), required us to affirm the trial court since neither Finkelstein nor Hollander had the effect of reversing or receding from those cases. The issue involved is a recurring one of great public importance, thus we choose now to write an opinion and certify the question for ultimate determination and clarification by the Supreme Court of Florida.
For some years, predating the appearance of "prevailing party" attorney's fees there was a general trend in the jurisprudence of this state holding that attorney's fees could only be recovered if timely pleaded and proven. To some extent recovery of a statutory attorney's fee was not so stringently treated. See Washington v. Rodgers, 201 So.2d 636 (Fla. 4th DCA 1967), cert. denied, 211 So.2d 556 (1968). Nevertheless, there has developed a great deal of confusion as to the procedural requirements necessary in seeking attorney's *868 fees. Must a party plead entitlement and the authority therefor? Must he prove entitlement at trial and if not must the court retain jurisdiction in order to consider them after entry of judgment?
In considering some aspects of the question, this court held in Brown:
The overwhelming bulk of the cases hold that it is necessary to request attorney fees in the parties' basic pleadings when claiming under a contract. An exception is Marrero v. Cavero, 400 So.2d 802 (Fla. 3d DCA 1981) [rev. denied, 411 So.2d 383] where it was stated:
Defendants' entitlement to an attorney's fee based on a contract in evidence was not defeated by failure to plead for same as they presented the issue before the trial court by timely motion made after judgment for the defendants  although it would have been better practice for the defendants to have pled for said attorney's fees in their answer.
Conversely, it is not necessary to so plead entitlement when claiming under a statute. See, for example, Ocala Music & Marine Center v. Caldwell, 389 So.2d 222 (Fla. 5th DCA 1980).
Everyone agrees, regardless of route, that it would be indeed better practice to plead entitlement to attorney fees in a party's initial pleading.
Upon reflection we can not [sic] originate or find a rationale that meaningfully supports the distinction made by the courts between the necessity for pleading entitlement when based on contract vs. statute. We would prefer that the treatment be made uniform, one way or the other. However, mindful of our limited office and the authorities that have long maintained the distinction, we leave such resolution, if it is to be done, to the Supreme Court.
424 So.2d at 182-83.
The failure to plead entitlement to fees was not fatal in Brown, however, because the contract for fees was referred to in the record and thus there was no surprise to the other side. That same argument might be made here. Since Stockman claimed attorney's fees pursuant to the parties' contract there could be no surprise where, as the prevailing party, Downs sought attorney's fees.
Nevertheless, we believe the present status of the law is that "prevailing party" attorney's fees provided by statute or contract may be recovered upon timely motion made for the first time after judgment. We draw that conclusion from an analysis of recent cases decided by the Supreme Court of Florida and district court cases commenting thereon.
In Finkelstein, the plaintiffs sought prevailing party attorney's fees in their complaint pursuant to section 768.56(1), but the trial court did not dispose of the request in the judgment, nor did it retain jurisdiction to do so post judgment. In resolving the issue, the supreme court adopted the reasoning of the Supreme Court of the United States in White v. New Hampshire Department of Employment Security, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), wherein it was held that a post judgment claim for attorney's fees made for the first time raises a "collateral and independent" claim, which the trial court has continuing jurisdiction to entertain within a reasonable time after judgment. The court reasoned that since as they say in the current vernacular, "it ain't over 'til it's over," it cannot be known which party will prevail until the claims have been tried and resolved. The delay in claiming attorney's fees until after judgment is not inappropriate.
Finkelstein was followed by Cheek v. McGowan Electric Supply Company, 511 So.2d 977 (Fla. 1987), in which, in a suit on a promissory note, the trial court denied a post judgment motion for attorney's fees by the plaintiff because the issue had not been presented to the jury which tried the case. The supreme court in reversing held that proof of entitlement to fees, whether by statute or contract, may be presented for the first time after judgment.
In Allied Fidelity Insurance Company v. Scott, 516 So.2d 315 (Fla.2d DCA 1987), the Second District Court of Appeal relied upon Cheek to reverse the trial court decision *869 denying prevailing party attorney's fees, which had been pled but not proven at trial, and held costs and fees were recoverable based upon proof adduced after judgment.
The Third District Court of Appeal in Protean Investors, Inc. v. Travel Etc., Inc., 519 So.2d 7 (Fla. 3d DCA), rev. denied, 518 So.2d 1277 (Fla. 1987), held on authority of Finkelstein, Cheek and other cases that, without pleading and proof prior to judgment, contract attorney's fees were recoverable post judgment. The Protean court pointed out that Brown, and other such cases were now of doubtful validity.
In the very recent case of Millard v. Brannan, 553 So.2d 1248 (Fla. 2d DCA 1989), the Second District Court of Appeal declined to go as far as Protean did and held that, while proof of the entitlement to attorney's fees can be adduced after judgment, the claim therefor must be pled or demanded in the pleadings prior to judgment. The court specifically distinguished Protean on that basis. We would comment only that in White v. New Hampshire Department of Employment Security, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), relied on by the supreme court of Florida in its Finkelstein decision, the plaintiff did not plead entitlement to attorney's fees in the prejudgment pleadings. The initial claim to attorney's fees was made after judgment.
We also note that the case of Mechanical Methods Company v. Klein, 535 So.2d 693 (Fla. 4th DCA 1988), cited in the petition for rehearing, is distinguishable from the instant case. A post-judgment award of attorney's fees was reversed therein based on a violation of due process resulting from a total lack of notice that Klein's basis for recovering attorney's fees was the Magnuson-Moss Warranty Act. In Mechanical, the opposing party had no prior notice of the basis of entitlement, whereas, in the instant case, Stockman certainly was aware that the parties' contract was the basis of entitlement since she had previously prayed for attorney's fees pursuant thereto.
In view of the foregoing, we adhere to our decision set forth in the opinion filed October 25, 1989, and certify to the Supreme Court of Florida the following question as one of great public importance:
MAY A PREVAILING PARTY RECOVER ATTORNEY'S FEES AUTHORIZED IN A STATUTE OR CONTRACT BY A MOTION FILED WITHIN A REASONABLE TIME AFTER ENTRY OF A FINAL JUDGMENT, WHICH MOTION RAISES THE ISSUE OF THAT PARTY'S ENTITLEMENT TO ATTORNEY'S FEES FOR THE FIRST TIME?
DELL, J., and FRANK, RICHARD H., Associate Judge, concur.