PER CURIAM.
In consolidated matters, Juan Vicente Perez Sandoval and Sandy Bay Investments Co. appeal from a final judgment in favor of plaintiffs/appellees, three interrelated Venezuelan financial institutions, in an action for fraud and misappropriation of funds and from a final judgment taxing attorney’s fees and costs. We affirm.[1]
The principal issue raised in this appeal is whether Venezuelan law applied by the trial judge,[2] regulating Venezuelan financial institutions and its officers, was penal in nature. We conclude that the trial court properly held that the applicable Venezuelan banking laws were not penal and, accordingly affirm the judgment finding Sandoval and Sandy Bay liable. See Huntington v. Attrill, 146 U.S. 657, 13 S.Ct. 224, 36 L.Ed. 1123 (1892).
We likewise affirm the award of attorney’s fees and costs. The issue of attorney’s fees as provided under Venezuelan law is substantive, and Venezuelan law was properly applied. See Whitten v. Progressive Casualty Ins. Co., 410 So.2d 501 (Fla.1982) (an award of attorney’s fees is a matter of substantive law properly under the aegis of the legislature). Appellees prayed for attorney’s fees and costs in a timely post-judgment motion. They were not required to plead entitlement to attorney’s fees in their complaint. Downs v. Stockman, 555 So.2d 867 (Fla. 4th DCA 1989).
*829 Appellants’ remaining points on appeal are without merit.
Affirmed.

. Because Banco’s claims against appellants were dropped prior to trial, appellants are entitled to a correction of the final judgment.

. Prior to trial, the parties stipulated that "as to rules of law, ... Venezuelan law controls the substance of the issues of liability and obligations with respect to the ... Sandy Bay transaction.” The parties further stipulated that "the trial court should decide whether Venezuelan law provides that the prevailing party in this action is entitled to recover its fees and costs."