McDONALD, Justice.
Pursuant to article V, section 3(b)(3), Florida Constitution, we review Perez Sandoval v. Banco de Comercio, 566 So.2d 828 (Fla. 3d DCA 1990), because of conflict with Stockman v. Downs, 573 So.2d 835 (Fla.1991). In Perez Sandoval the district court affirmed a judgment for attorney’s fees and held that it is not necessary to plead entitlement to attorney’s fees in a complaint. In Stockman, on the other hand, we held that a claim for attorney’s fees, whether based on statute or contract, must be pled.
Stockman, however, recognizes an exception to its general rule: “Where a party has notice that an opponent claims entitlement to attorney’s fees, and by its conduct recognizes or acquiesces to that claim or otherwise fails to object to the failure to plead entitlement, that party waives any objection to the failure to plead a claim for attorney’s fees.” 573 So.2d at 838. The exception clearly applies in this case. All parties knew that the recovery of attorney’s fees was an issue and stipulated that “the trial court should decide whether Venezuelan law provides that the prevailing party in this action is entitled to recover its fees and costs.”
We, therefore, approve the decision under review, but disapprove the suggestion that in all circumstances there is no requirement to plead entitlement to attorney’s fees. We choose not to discuss the other issues raised by the petitioners.
It is so ordered.
*935 SHAW, C.J., and OVERTON, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.