603 So.2d 1380 (1992)
Darel G. TAYLOR, Appellant,
v.
T.R. PROPERTIES, INC. OF WINTER PARK, et al., Appellees.
No. 91-1302.
District Court of Appeal of Florida, Fifth District.
August 28, 1992.
Gavin D. Lee, Altamonte Springs, for appellant.
No appearance for appellee T.R. Properties, Inc. of Winter Park.
David A. Higley of Higley & Barfield, P.A., Maitland, for appellee J.A. Croson Co.
PER CURIAM.
Darel G. Taylor appeals an award of attorney's fees to J.A. Croson Company (Croson) in an action to foreclose a mechanics lien. We reverse.
Taylor filed the foreclosure action on April 11, 1990, against the owner of the construction site, T.R. Properties, Inc. of Winter Park, and various other lienholders, including Croson, who had acquired a judgment against T.R. Properties in a previous action. Croson answered the complaint on May 11, 1990, affirmatively alleged priority of its lien, but failed to demand attorney's fees. Croson amended its answer on July 16, 1990, and again omitted a demand for attorney's fees.
On November 16, 1990, after engaging in discovery, Croson filed a motion for summary judgment which included a request for attorney's fees. On February 11, 1991, the trial court entered an order holding that Croson's judgment was entitled to priority over Taylor's claim. The order reserved jurisdiction "to ascertain and award [Croson's] principal, prejudgment interest, costs and attorney's fees by separate hearing ... [and] to tax additional attorney's fees ... associated with post-judgment proceedings... ." Finally, on May 7, 1991, the trial court entered a final judgment awarding attorney's fees and costs to Croson.
Taylor objects to the award of the attorney's fees because of the absence of a demand in Croson's original and amended answers and affirmative defenses. Taylor also alleges that notice of Croson's desire to obtain attorney's fees was not given until it moved for summary judgment and after 31 of the 41.9 hours of Croson's attorney's time had already accrued.
We agree with Taylor that Stockman v. Downs, 573 So.2d 835 (Fla. 1991), is the case controlling disposition of the issue whether attorney's fees in a mechanic's lien foreclosure may be awarded to a prevailing defendant in the absence of a request for fees in that defendant's pleadings. There, the supreme court held that a party seeking attorney's fees pursuant to statute or contract must plead entitlement to such fees. It disapproved of those previous district *1381 court opinions which held that claims for attorney's fees, either pursuant to statute or contract, need not be pled. However, the Stockman decision created an exception to its rule. Where a party has notice that an opponent claims entitlement to attorney's fees, and by its conduct recognizes or acquiesces to that claim or otherwise fails to object to the failure to plead entitlement, that party waives any objection to the failure to plead a claim for attorney's fees.
The supreme court cited two cases as examples of its exception, Brown v. Gardens by the Sea South Condominium Association, 424 So.2d 181 (Fla. 4th DCA 1983), and Mainlands of Tamarac by Gulf Unit No. Four Association, Inc. v. Morris, 388 So.2d 226 (Fla. 2d DCA 1980). In Brown, specific acts of consent or waiver were present in the record. For example, during the pretrial conference, the attorney for the party resisting fees proposed that the award of attorney's fees be resolved post-trial. His pretrial statement listed as an issue whether any of the parties were entitled to attorney's fees, and, if so, in what amount. The court recognized that Florida uses a notice pleading concept where a fundamental rule exists that claims and ultimate facts supporting the claims must be alleged. "The reason for the rule is to appraise [sic] the other party of the nature of the contentions that he will be called upon to meet, and to enable the court to decide whether same are sufficient." Brown, at 183. The court then commented that it was manifest from the facts that:
[A]ppellees and the trial court ... knew, recognized and acquiesced, without objection or suggestion of surprise, prejudice or disaccommodation, that appellants were claiming fees and the contract basis for that claim ... As matters stood, appellants were affirmatively lulled into believing that their claim [for attorney's fees] was known, alive, and that same would be adjudicated.
Brown, at 183.
In Mainlands of Tamarac, the parties filed a written stipulation during trial that the question of attorney's fees to the prevailing party would be heard at a hearing subsequent to the final hearing in the case. Notwithstanding that stipulation, the trial court denied the fees to the appellant, the prevailing party. The Second District Court of Appeal reversed, holding that, in view of the stipulation and the failure of the appellee to object to the matter during trial, the failure of the appellant to include a plea for attorney's fees did not preclude the award.
The record in the instant case does not reflect any waiver by Taylor of Croson's failure to include a demand for attorney's fees in its answer, nor does it reflect any consent on Taylor's part that would lull Croson into believing that it would be awarded attorney's fees at some point in the litigation. The first time Croson asked for the fees was in its motion for summary judgment, and there is no requirement in the Florida Rules of Civil Procedure that would require Taylor to respond in any way to that demand prior to the hearing on the motion. Rule 1.510, Florida Rules of Civil Procedure, provides for the serving of opposing affidavits prior to the day of the hearing on the motion, but a review of the record does not indicate any were required in the instant case on the issue of attorney's fees. It would have assisted this court in reviewing this matter if Taylor had moved to strike, pursuant to rule 1.150, Florida Rules of Civil Procedure, that part of the motion for summary judgment that requested the fees, but he was not burdened by such a requirement.
Accordingly, we vacate that portion of the Final Judgment Awarding Attorney's Fees and Costs that awards attorney's fees to Croson in the amount of $6,285. We affirm the award of costs in the amount of $1,111.12.
AFFIRMED in part; REVERSED in part.
DAUKSCH, COWART and PETERSON, JJ., concur.