**M.G.B. HOMES, INC., Plaintiff–Appellant.**

v.

**AMERON HOMES, INC., Daniel James Brognano, Mr. Mark Stern, Mrs. Stern, Walter Powlak, Edna Powlak, Richard Patton, Defendants–Appellees.**

No. 93–4905.

United States Court of Appeals, Eleventh Circuit.

Aug. 30, 1994.

---

Kevin P. Crosby, Malin, Haley DiMaggio & Crosby, P.A., Ft. Lauderdale, FL, for appellant.

John Cyril Malloy, III, Malloy & Malloy, P.A., Miami, FL, for appellees.

* Honorable Harlington Wood, Jr., Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

Before COX and CARNES, Circuit Judges, and WOOD *, Senior Circuit Judge.

HARLINGTON WOOD, Senior Circuit Judge:

MGB Homes, Inc. (MGB) and Ameron Homes, Inc. (Ameron) are competing home builders in the town of Sebastian, Florida. In 1986 MGB filed suit against Ameron, complaining that Ameron copied the floor plan of MGB's "Islander II" home from a copyrighted advertising flyer in violation of, among other laws, the Florida Deceptive and Unfair Trade Practices Act (DTPA).[1] *See* Fla.Stat. § 501.201 *et seq.* The district court agreed with MGB and awarded it attorney's fees under the DTPA. *See id.* at § 501.2105. On appeal, however, this court reversed the holding of the district court that Ameron was liable to MGB under the DTPA, reasoning that the DTPA does not apply to suits between competitors. *M.G.B. Homes, Inc. v. Ameron Homes, Inc.,* 903 F.2d 1486, 1494 (11th Cir.1990); Fla.Stat. § 501.2105.

Ameron then sought to recover attorney's fees against MGB, arguing that it was a prevailing party under the DTPA. The relevant provision of the DTPA reads as follows:

(1) In any civil litigation resulting from a consumer transaction involving a violation of this part, except as provided in subsection (5), the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, shall receive his reasonable attorney's fees and costs from the non-prevailing party.

(2) The attorney for the prevailing party shall submit a sworn affidavit of his time spent on the case and his costs incurred for all the motions, hearings, and appeals to the trial judge who presided over the civil case.

(3) The trial judge shall award the prevailing party the sum of reasonable costs incurred in the action plus a reasonable legal

1. The district court exercised pendent jurisdiction over the DTPA claim.

fee for the hours actually spent on the case as sworn to in an affidavit.

(4) Any award of attorney's fees or costs shall become a part of the judgment and subject to execution as the law allows. Fla.Stat. § 501.2105. Ameron first sought to recover attorney's fees from this court, a motion we denied. Ameron then sought attorney's fees in the district court, and the district court granted Ameron's motion. MGB now appeals the decision to grant Ameron attorney's fees.

■ MGB first argues that because the DTPA does not apply to competitors, Ameron could not take advantage of the DTPA provision entitling the prevailing party in a DTPA action to attorney's fees. Were that Florida law, however, no prevailing defendant ever would be entitled to attorney's fees under the DTPA, for by definition defendants prevail by demonstrating the inapplicability of the DTPA to their actions. Florida courts consistently have adopted the position advocated by Ameron in allowing prevailing defendants to collect attorney's fees:

> The plaintiff, as appellee, attempts to support the order appealed on the basis that once the trial court had found the [DTPA] Act "inapplicable," it could not then utilize the act for the purpose of granting the prevailing defendant an attorney's fee. It is apparent that this is not the case since the Act was applied in the action. It is simply that after being applied, it did not produce a remedy for this plaintiff. To some degree, such is the result in every case where a defendant prevails. The plaintiff, having invoked the Act, is liable for an attorney's fee because he did not prevail.

*Rustic Village, Inc. v. Friedman,* 417 So.2d 305, 306 (Fla.Dist.Ct.App.1982); *see Brown v. Gardens by the Sea South Condominium Ass'n,* 424 So.2d 181, 184 (Fla.Dist.Ct.App. 1983) (relying on *Rustic Village* in describing MGB's argument as "heads I win, tails you lose."); *see also Smith v. Bilgin,* 534 So.2d 852 (Fla.Dist.Ct.App.1988) (relying on *Rustic Village* and *Brown* in awarding prevailing defendant attorney's fees). *Rustic Village, Brown,* and *Smith* are clear pronouncements of Florida law that we are bound to follow, all

of which support the holding of the district court.

■ MGB also argues that the district court should not have awarded Ameron attorney's fees because there was no final judgment as required by Section 501.2105(1). That contention is without merit. Section 501.2105(1) allows the recovery of attorney's fees by the prevailing party, "after judgment in the trial court and exhaustion of all appeals," and here the district court initially rendered judgment against Ameron based in part on Section 501.2105, and this court subsequently reversed because "the trial court erred in applying the Florida Deceptive Trade Practices Act, Fla.Stat. § 501.201, *et seq.* (1973)." *M.G.B. Homes,* 903 F.2d at 1494. Section 501.2105(1), which expressly includes the culmination of the appellate process in its definition of a prevailing party, clearly contemplates situations in which parties who prevailed at the trial level may be nonprevailing after the appellate process is exhausted. Were the law otherwise, parties who obtain reversals of trial court judgments on appeal could be liable for the attorney's fees of parties who erroneously prevailed in trial court, a perverse result that the Florida legislature could not have intended.

■ Finally, MGB contends that when this court denied Ameron attorney's fees in 1990, that order constituted law of the case and prevented the district court from properly awarding Ameron attorney's fees. The issue that was before this court at the time, however, was whether Ameron was entitled to appellate level attorney's fees and cost as requested pursuant to the Copyright Act, 17 U.S.C. § 505. Under the DTPA, only the trial court has the authority to determine the entitlement to and the amount of attorney's fees and costs for both the trial and appellate levels. Fla.Stat. § 501.2105(2) & (3); *B & L Motors, Inc. v. Bignotti,* 427 So.2d 1070, 1073 (Fla.Dist.Ct.App.1983) ("[T]he trial court has authority under subsections (2) and (3) of section 501.2105 to award attorney's fees for an appeal. We construe the [DTPA] statute to contemplate a motion therefor to be filed in the trial court. . . ."). Our order was confined to the only issue properly before us, the question of entitlement to attorney's fees and

costs under the Copyright Act, and the district court therefore correctly entertained Ameron's motion for attorney's fees pursuant to the DTPA.

For the forgoing reasons, the district court decision is

AFFIRMED.