698 So.2d 921 (1997)
Donald REHMAN, Appellant,
v.
ECC INTERNATIONAL CORP., etc., et al., Appellees.
No. 97-409.
District Court of Appeal of Florida, Fifth District.
September 5, 1997.
Colonel Donald I. Rehman (Ret.), Longwood, pro se.
Allen J. McKenna of Garwood, McKenna & McKenna, P.A., Orlando, and Theodore R. Baumgardner, Orlando, for Appellees.
W. SHARP, Judge.
Rehman appeals from an award of attorney's fees to his former employer, ECC International Corp. Attorney's fees were awarded to ECC as the "prevailing party" under Florida's Whistle-blower's Act, sections 448.101-448.105. The Whistle-blower's Act prohibits private sector employers from taking retaliatory action against employees who "blow the whistle" on employers who violate the law or against employees who refuse to participate in violations of the law. We conclude that fees should not have been awarded because the Whistle-blower's Act was not yet in effect at the time Rehman's cause of action accrued. Furthermore, we conclude that ECC withdrew and hence abandoned its request for attorney's fees.
Rehman was hired by ECC in May 1989. He was fired without notice in March 1990. Four years later, in March 1994, Rehman filed a lawsuit against ECC and others, claiming that the defendants had terminated him in retaliation for his refusal to participate in an alleged defense contract fraud.
*922 ECC initially moved to dismiss the lawsuit on the basis that the Whistle-blower's Act could not be applied retroactively to Rehman's claim. The Act became effective on June 7, 1991, more than one year after Rehman's termination. In response, Rehman cited Walsh v. Arrow Air, Inc., 629 So.2d 144 (Fla. 3d DCA 1993), in which the third district had held that the Whistle-blower's Act could be retroactively applied. Later, the Florida Supreme Court quashed this decision and held that the Whistle-blower's Act created a new cause of action and could not be retroactively applied. Arrow Air, Inc. v. Walsh, 645 So.2d 422 (Fla.1994). Based on the Florida Supreme Court decision, the trial court dismissed Rehman's action with prejudice. The court later awarded attorney's fees to ECC under section 448.104.[1]
On appeal, Rehman argues that it was unfair to apply the Whistle-blower's Act to the defendants to award them attorney's fees while at the same time holding that the statute could not be retroactively applied to his case. We recognize that attorney's fees may be awarded even when a case had been dismissed. See, e.g., Morand v. Stoneburner, 516 So.2d 270 (Fla. 5th DCA 1987), rev. denied, 525 So.2d 879 (Fla.1988) (attorney's fees awarded to appellees as the "prevailing parties" even though appeal was dismissed as untimely); McKelvey v. Kismet, Inc., 430 So.2d 919 (Fla. 3d DCA 1983), rev. denied, 440 So.2d 352 (Fla.1983) (appellee was entitled to attorney's fees as the prevailing party where count I of the appellant's complaint was voluntarily dismissed and count II was involuntarily dismissed for failure to state a cause of action); Brown v. Gardens by the Sea South Condominium Ass'n., 424 So.2d 181 (Fla. 4th DCA 1983) (defendants were entitled to attorney's fees under Deceptive and Unfair Trade Practices Act after it was determined that Act did not apply to the plaintiff's lawsuit involving a condominium lease); Rustic Village, Inc. v. Friedman, 417 So.2d 305 (Fla. 3d DCA 1982) (defendant was entitled to attorney's fees under Deceptive and Unfair Trade Practices Act after it was determined that plaintiff's claim was not covered by the Act); Mardan Kitchen Cabinets, Inc. v. Bruns, 312 So.2d 769 (Fla. 3d DCA 1975), quashed on other grounds, Holding Elec., Inc. v. Roberts, 530 So.2d 301 (Fla. 1988) (defendant was entitled to attorney's fees in mechanic's lien foreclosure action where the plaintiff failed to file the statutorily-required affidavit).
These cases, however, involve situations in which the plaintiffs failed to comply with the applicable statutes. For example, in Morand, the appellant failed to file a timely appeal and in Mardan Kitchen Cabinets, the plaintiff failed to file the statutorily-required affidavit. In the other cases, the particular fact situation failed to meet the requirements of the act. For example, in Brown and Rustic Village, the courts concluded that real estate transactions were not covered by the Deceptive and Unfair Trade Practices Act. Nonetheless, the acts were in effect and could be applied in other circumstances. As the court in Rustic Village explained:
The plaintiff, as appellee, attempts to support the order appealed on the basis that once the trial court had found the Act "inapplicable," it could not then utilize the Act for the purpose of granting the prevailing defendant an attorney's fee. It is apparent that this is not the case since the Act was applied in the action. It is simply that after being applied, it did not produce a remedy for this plaintiff. To some degree, such is the result in every case where a defendant prevails. The plaintiff, having invoked the Act, is liable for an attorney's fee because he did not prevail.
417 So.2d at 306.
In contrast, here the Florida Supreme Court specifically held that the Whistle-blower's Act could not be retroactively applied. Arrow Air. Thus there were no set of circumstances under which the statute could apply to Rehman, and Rehman could never prevail. If a statute is not yet in effect (as opposed to inapplicable) to the plaintiff's case, it is fundamentally unfair to apply it to the defendant. Since attorney's fees may only be awarded by contract or by statute, see Brown, 424 So.2d at 182, attorney's fees *923 should not be awarded when a statute is not in effect.
Even if we were to conclude that the Whistle-blower's Act applied, the award of attorney's fees was improper because the defendants abandoned their request for attorney's fees. After Rehman's action was dismissed, he filed an appeal to this court. While the appeal was pending, the defendants filed a "Notice of Withdrawal of Motion to Tax Attorney's Fees and Costs" in the trial court (emphasis added). A month later, after it was successful on appeal, the defendants filed a "Renewed Motion to Tax Attorney's Fees and Costs." This motion was granted by the court.
The defendants' notice of withdrawal of their motion for attorney's fees is tantamount to a voluntary dismissal of their claim. A voluntary dismissal terminates a pending action instantaneously. See McKelvey, 430 So.2d at 922; Henry P. Trawick, Jr., Florida Practice and Procedure § 21-4 (1992). Although a voluntary dismissal is without prejudice to the bringing of a new action, it does preclude revival of the original action. McKelvey, 430 So.2d at 922. The defendants' withdrawal of their claim for attorney's fees terminated the pending action for fees and there was nothing to "revive." Thus, the defendants' "renewed" motion for attorney's fees did not renew anything and was a nullity.
REVERSED.
HARRIS and ANTOON, JJ., concur.
NOTES
[1] Section 448.104 provides that the court may award reasonable attorney's fees, court costs and expenses to the prevailing party.