976 So.2d 663 (2008)
RABBIT HILL HOMEOWNERS ASSOCIATION, INC., Appellant,
v.
Jack A. CORY and Kenya Cory, Appellees.
No. 1D07-3498.
District Court of Appeal of Florida, First District.
March 13, 2008.
Daniel E. Manausa and Mary W. Colon of Smith, Thompson, Shaw & Manausa, P.A., Tallahassee, for Appellant.
*664 James M. DuRant, Jr., and Joseph R. Boyd of Boyd, DuRant & Sligher, P.L., Tallahassee, for Appellees.
PER CURIAM.
Appellant seeks review of a final judgment assessing costs and attorney's fees, arguing that, having failed to plead entitlement to attorney's fees, such fees should not have been awarded. Because the record contains competent substantial evidence to support the trial court's finding that appellant recognized and acquiesced to appellees' claim for attorney's fees and, accordingly, waived its right to insist that the claim be set forth in a pleading, we affirm. See Stockman v. Downs, 573 So.2d 835, 837-38 (Fla.1991) (holding that, while "a claim for attorney's fees . . . must be pled," "[w]here a party has notice that an opponent claims entitlement to attorney's fees, and by its conduct recognizes or acquiesces to that claim or otherwise fails to object to the failure to plead entitlement, that party waives any objection to the failure to plead a claim for attorney's fees") (citations omitted).
AFFIRMED.
BENTON and POLSTON, JJ., concur; WEBSTER, J., concurs with written opinion.
WEBSTER, J., concurring.
I agree completely with the panel's opinion. I write only to urge our supreme court to reconsider its holding in Stockman that a party that, "by its conduct recognizes or acquiesces to [a claim for attorney's fees] or otherwise fails to object to the failure to plead entitlement, . . . waives any objection to the failure to plead a claim for attorney's fees." 573 So.2d at 838. I believe that such a rule is ill-considered and spawns more litigation than it prevents.
In Stockman, the court "h[e]ld that a claim for attorney's fees, whether based on statute or contract, must be pled" and that "[f]ailure to do so constitutes a waiver of the claim." Id. at 837-38. However, the court also held that such a waiver might, itself, be "waive[d]" if the opposing party, "by its conduct recognizes or acquiesces to th[e] claim or otherwise fails to object to the failure to plead entitlement." Id. at 838. The court has since revisited this matter on several occasions. In Sandoval v. Banco de Comercio, S.A., 585 So.2d 934, 934 (Fla.1991), it reaffirmed both of the Stockman holdingsthat a claim for attorney's fees must be pled and that an opposing party that, "by its conduct recognizes or acquiesces to th[e] claim or otherwise fails to object to the failure to plead entitlement, . . . waives any objection to the failure to plead a claim for attorney's fees." Stockman, 573 So.2d at 838. Subsequently, in Green v. Sun Harbor Homeowners' Association, 730 So.2d 1261, 1263 (Fla.1998), the court clarified the first of the Stockman holdings, stating that the requirement that a claim for attorney's fees be pled must be read in the context of the definition of "pleadings" found in Florida Rule of Civil Procedure 1.100(a). It did not, however, discuss the second Stockman holding. Most recently, in Caufield v. Cantele, 837 So.2d 371, 377-78 (Fla.2002), the court further clarified the first Stockman holding, concluding that while the claim for attorney's fees must be pled, "the specific statutory or contractual basis for [the] claim . . . need not be specifically pled, and that failure to plead the basis of such a claim will not result in waiver of the claim." The only mention of the second Stockman holding appears in a cryptic footnote:
In Stockman, this Court recognized an exception to this rule [i.e., the rule "that a claim for attorney's fees, whether based on statute or contract, must be *665 pled"]: "Where a party has notice that an opponent claims entitlement to attorney's fees, and by its conduct recognizes or acquiesces to that claim or otherwise fails to object to the failure to plead entitlement, that party waives any objection to the failure to plead a claim for attorney's fees." 573 So.2d at 838. While the Fifth District found the exception inapplicable to the instant case, the Caufields have not alleged that the exception is applicable. . . . Therefore, we do not alter the general scope of the exception or address its specific applicability to the instant case.
Id. at 377 n. 6 (emphasis added).
It strikes me that the second part of Stockman's second holding (i.e., that a party "waives any objection to the failure to plead a claim for attorney's fees" if the party "fails to object to the failure to plead entitlement") makes little sense. Why would a party that was aware that its opponent might be entitled to attorney's fees if the opponent ultimately prevailed ever object to the opponent's failure to plead entitlement to fees? A good argument might be made that doing so would amount to malpractice. Moreover, it seems to me that the first part of Stockman's second holding (i.e., that a party "waives any objection to the failure to plead a claim for attorney's fees" if, "by its conduct[, it] recognizes or acquiesces to" the claim) has clearly spawned more litigation than it has resolved. E.g., Auglink Commc'ns, Inc. v. Canevari, 932 So.2d 338 (Fla. 5th DCA 2006); Sardon Found. v. New Horizons Serv. Dogs, Inc., 852 So.2d 416 (Fla. 5th DCA 2003); Precision Tune Auto Care, Inc. v. Radcliffe, 815 So.2d 708 (Fla. 4th DCA 2002); Taylor v. T.R. Props., Inc., of Winter Park, 603 So.2d 1380 (Fla. 5th DCA 1992).
I suggest that this is an area of procedure where the administration of justice would be better served by eliminating altogether the exception to the general rule established by Stockman (what I have referred to here as the second Stockman holding). Doing so would result in a bright-line rule that failure to request attorney's fees in a pleading waives the right to such fees. I suspect that such a bright-line rule would significantly reduce the volume of litigation addressed to this issue. Moreover, it seems to me that such a rule should be incorporated into the Florida Rules of Civil Procedure to afford proper notice of the pleading requirement. Logically, the addition of such a rule would probably fit best within either rule 1.110 or rule 1.120. I hope that both our supreme court and The Florida Bar Civil Procedure Rules Committee will consider my proposal.