SCHWARTZ, Senior Judge.
The trial judge denied the appellant the attorney’s fees to which he was entitled as the prevailing party under the governing marital settlement agreement solely on the ground that his claim had not been properly pled as required by Stockman v. Downs, 573 So.2d 835 (Fla.1991). That order is reversed because the record establishes the applicability of the exception to the Stockman doctrine which applies when the opposing party raises no objection to a clearly asserted claim to fees. See Stockman, 573 So.2d at 838; Sandoval v. Banco de Comercio, S.A., 585 So.2d 934 (Fla.1991); Save on Cleaners of Pembroke II v. Verde Pines City Ctr. Plaza, LLC, 14 So.3d 295 (Fla. 4th DCA 2009); Storob v. Sphere Drake Ins., 730 So.2d 375 (Fla. 3d DCA 1999); Dep’t of Health & Rehab. Servs. v. Coyle, 624 So.2d 400 (Fla. 5th DCA 1993); Brown v. Gardens by the Sea S. Condo. Ass’n, 424 So.2d 181 (Fla. 4th DCA 1983); Mainlands of Tamarac by the Gulf Unit No. 4 Ass’n v. Morris, 388 So.2d 226 (Fla. 2d DCA 1980).
The order denying the appellant recoverable costs is unsupported by the law and is also reversed. See First Protective Ins. Co. v. Featherston, 978 So.2d 881 (Fla. 2d DCA 2008); Arellano v. Bisson, 761 So.2d 365 (Fla. 3d DCA 2000); Oriental Imports, Inc. v. Alilin, 559 So.2d 442 (Fla. 5th DCA 1990). Accordingly, the orders under review are reversed for the imposition of attorney’s fees and costs in favor of the appellant.
Reversed and remanded.