[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12931

_____

D. C. Docket No. 6:06-cv-01703-PCF-KRS

ALAN HOROWITCH,

Plaintiff – Appellee,

versus

DIAMOND AIRCRAFT INDUSTRIES, INC.,
a foreign corporation,

Defendant – Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 8, 2013)

Before CARNES, ANDERSON, and FARRIS,* Circuit Judges.

_____

*    Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by
designation.

PER CURIAM:

This case returns to us after we certified four questions to the Florida Supreme Court, two of which related to Florida's offer of judgment statute, Fla. Stat. §768.79, and two of which related to the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.2105.   The reader is referred to our previous certification opinion, Horowitch v. Diamond Aircraft Indus, Inc., 645 F.3d 1254 (11th Cir. 2011).

The Florida Supreme Court, in an opinion dated January 10, 2013, answered the certified questions.   See Diamond Aircraft Indus., Inc. v. Horowitch, __ So.3d __ (Fla. Jan. 10, 2013).  Although the Florida Supreme Court held that Diamond Aircraft was not entitled to any attorneys' fees pursuant to Florida's offer of judgment statute, the Court held that the attorneys' fee provision under FDUTPA does apply to the instant litigation for fees incurred up until the time that the federal district court held that FDUTPA was inapplicable.

Accordingly, this case is remanded to the district court for a determination of attorneys' fees to which Diamond Aircraft is entitled pursuant to the opinion of the Florida Supreme Court.

2

SO ORDERED.[1]

---

[1]     We TRANSFER to the district court Diamond Aircraft's motion for attorneys' fees because under the FDUPTA, the trial court is the proper venue for bringing that motion. <u>See</u> Fla. Stat. §501.1205(2) ("The attorney for the prevailing party shall submit a sworn affidavit of his or her time spent on the case and his or her costs incurred for all the motions, hearings, and appeals to the trial judge who presided over the civil case."); <u>M.G.B. Homes, Inc. v. Ameron Homes, Inc.</u>, 30 F.3d 113, 115 (11th Cir. 1994).