GUNTHER, Judge.
We reverse the attorney’s fees awarded to Jerry Klein (Klein) pursuant to the Mag-nuson-Moss Warranty Act. Mechanical Methods Company (Mechanical) correctly asserts that the trial court erred in awarding attorney’s fees to Klein since he failed to plead the statutory basis of entitlement in any pleading, motion, memorandum, or other document filed with the trial court. See Brown v. Gardens by the Sea South Condo. Ass’n, 424 So.2d 181 (Fla. 4th DCA 1983). Although the Brown court upheld an attorney’s fees award, it did so on the theory that the opposing party was aware of the basis of attorney’s fees because the statute was referred to in a memorandum filed with the court. In the instant case, the opposing party had no prior notice of the basis of entitlement until the hearing on the post-judgment motion for attorney’s fees.
Klein’s suit against Mechanical alleged only a breach of contract and requested an award of attorney’s fees. The complaint failed to state either a contractual or statutory basis for recovering such fees. After trial, the court entered judgment in favor of Klein and reserved jurisdiction to consider an award of attorney’s fees. Although Klein filed a post-judgment motion for attorney’s fees, neither that motion nor any other document filed with the court stated either a contractual or statutory basis for awarding such fees. At the hearing on fees, Klein raised the Magnu-son-Moss Warranty Act for the very first time as a basis for recovering attorney’s fees. Thus, Mechanical had no prior notice that Klein would seek attorney’s fees based on this statute. After the fees were awarded, Mechanical moved for a rehearing which was denied by the trial court without entertaining argument. We conclude that Mechanical’s right to due process notice and hearing was violated. See Autorico Inc. v. Government Employees Insurance Company, 398 So.2d 485 (Fla. 3d DCA 1981).
*694 In our view, a party seeking an award of attorney’s fees must reveal to the opposing party the basis of such an award prior to a hearing on the matter. We decline to review whether Klein is entitled to an award of attorney’s fees pursuant to the Magnuson-Moss Warranty Act because the record on this point is inadequate. Accordingly, we reverse the award of attorney’s fees to Klein and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
DELL, J., concurs.
LETTS, J., concurs specially with opinion.