541 So.2d 1281 (1989)
TUPPENS, INC., D/B/a Boat Kingdom, Appellant,
v.
BAYLINER MARINE CORPORATION, Volvo of America CORP., Powerhouse Marine, Inc., and Douglas T. Pollard, Appellees.
No. 87-2406.
District Court of Appeal of Florida, Fourth District.
April 5, 1989.
Supplemental Order May 9, 1989.
*1282 Christopher W. Boyden of Boyden and Laufer, P.A., North Palm Beach, for appellant.
Mark B. Kleinfeld of Jones & Foster, P.A., West Palm Beach, for appellee-Powerhouse Marine, Inc.
Terrell K. Arline of Terrell K. Arline, P.A., West Palm Beach, for appellee-Pollard.
GARRETT, Judge.
We address whether the appellee, Douglas T. Pollard, is entitled to recover attorney fees.
Appellee bought a new boat from the appellant. Appellee experienced numerous problems with the boat. After several attempts were made to correct the problems, the appellee gave written notice of his intention to revoke acceptance.
After the appellant refused to accept redelivery and return the purchase price, the appellee filed a two (2) count complaint alleging revocation of acceptance and violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312 (1975).
A bench trial was held and the judge found the appellee was entitled to revocation of acceptance and to recover damages for the purchase price and the cost of other equipment less certain setoffs.
Magnuson-Moss (co-extensive with a right of action created by the Florida Uniform Commercial Code) authorizes recovery of attorney fees in an action where the consumer is damaged by a supplier's failure to comply with any obligation under an implied warranty and provides the consumer may bring a civil action for damages and other legal and equitable relief in any state court.
While the appellee did not specifically prevail under implied warranty, expanding on what this court said in Gates v. Chrysler Corporation, 397 So.2d 1187, 1189 (Fla. 4th DCA 1981), "more elements are required to be proved for rescission than to sustain a finding of breach of warranty," we conclude more elements are also required to be proved for revocation of acceptance. Therefore, the trial judge, finding revocation of acceptance, necessarily had to find a breach of the underlying implied warranty.
Although the award of attorney fees was based on appellee being the prevailing party, the trial court would not have abused his discretion in awarding attorney fees under the provisions of Magnuson-Moss. Black v. Don Schmid Motor, Inc., 232 Kan. 458, 657 P.2d 517 (1983); Champion Ford Sales, Inc. v. Levine, 49 Md. App. 547, 433 A.2d 1218 (1981).
AFFIRMED.
CARNEY, ROBERT B., Associate Judge, concurs.
LETTS, J., dissents with opinion.
*1283 LETTS, Judge, dissenting.
I would like to agree with the majority because of the facts of this case. However, I cannot reconcile outright cancellation of a contract and a breach of implied warranty thereunder. To reach such a result, the majority must find the revocation and the breach compatible, whereas, I find them irreconcilable.

SUPPLEMENTAL ORDER
The determination of the amount of indemnification is to be heard by the trial judge.
Notwithstanding this court's denial of attorney's fees for appellant Tuppens on this appeal, the trial court may address a request for indemnification of appellate attorney's fees and costs as permitted by law.