575 So.2d 299 (1991)
Elliot McCURDY, Appellant,
v.
TEXAR, INC., et al., Appellees.
No. 90-1361.
District Court of Appeal of Florida, Fourth District.
February 27, 1991.
*300 Terrell K. Arline of Terrell K. Arline, P.A., Palm Beach Gardens, for appellant.
Dennis L. Avery of Winesett, Avery, Dupree & Whigham, P.A., Fort Myers, for appellee-Freeland Mfg. Corp.
LETTS, Judge.
Involved here is the purchase of an allegedly defective boat and the purchaser's attempts to seek redress under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d) (1982). The trial judge held the act inapplicable because the boat manufacturer gave no written warranties "as is required" by the act. We reverse.
There is a paucity of cases on this subject. Two federal courts have discussed the matter and appear to believe that the Magnuson-Moss Act is only applicable where there are written warranties. Skelton v. General Motors Corp., 500 F. Supp. 1181 (N.D.Ill. 1980), and Skelton v. General Motors Corp., 660 F.2d 311 (7th Cir.1981), cert. denied, 456 U.S. 974, 102 S.Ct. 2238, 72 L.Ed.2d 848 (1982). Yet, the latter decision, which is an appellate version of the former, was actually engaged in explaining the nature of a written warranty and its applicability is questionable.
Causes of action for implied warranties appear to be sanctioned by 15 U.S.C. § 2310(d)(1), which provides:
(d)(1) Subject to subsections (a)(3) and (e) of this section, a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief 
(A) in any court of competent jurisdiction in any State or the District of Columbia; or
(B) in an appropriate district court of the United States, subject to paragraph (3) of this subsection.
(2) If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate. (Emphasis supplied.)
This quoted section, quite clearly, encompasses implied warranties which are obviously not in writing and this very court has also noted the appropriateness of such a cause of action. See Tuppens, Inc. v. Bayliner Marine Corp., 541 So.2d 1281 (Fla. 4th DCA 1989).
In another federal district case, no express warranty was pled, only a breach of the implied warranties. Feinstein v. Firestone Tire and Rubber Co., 535 F. Supp. 595 (S.D.N.Y. 1982). The court dismissed the consumer's cause of action because there were no damages incurred, not because there were no written warranties.
Further support for our conclusion is found in footnote 10 in Annotation, Consumer Product Warranty Suits Under Magnuson-Moss Warranty Act, 59 A.L.R. Fed. 461, 470 (1982), which provides:
Under 15 [U.S.C.A.] § 2310(d), a consumer must be damaged by a supplier's, warrantor's, or service contractor's failure to comply with "any obligation" under the Act, or under a written warranty, implied warranty, or service contract, in order to obtain federal jurisdiction to bring a suit for damages or other legal and equitable relief in the federal courts. This provision *301 has not only provided a means of enforcing the substantive requirements of the Act, but also has established a federal cause of action for breach of an implied warranty which has arisen under state law even if no written warranty was involved.
Two law review assessments are also of this view. Miller and Kanter, Litigation Under Magnuson-Moss: New Opportunities in Private Actions, 13 U.C.C.L.J. 10, 13 (Summer 1980); Denicola, The Magnuson-Moss Warranty Act: Making Consumer Product Warranty a Federal Case, 44 Fordham L.R. 273 (1975). See also Reitz, Consumer Product Warranties Under Federal & State Laws, § 10.02 (2d ed. 1987).
We find no reversible error in the other point on appeal and that portion of the final judgment is affirmed.
In the exercise of our discretion, we deny the appellant's request for attorney's fees.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR FURTHER PROCEEDINGS.
HERSEY, C.J., and POLEN, J., concur.