700 So.2d 723 (1997)
Carrie Hargis ROBINSON, an infant under the age of eighteen years who sues by her mother and next friend, Shirley HARGIS, Appellants,
v.
Leroy H. MERKLE, Jr., as personal representative of the Estate of Carmelo L. Terlizzi, M.D., deceased, Appellee.
No. 95-05178.
District Court of Appeal of Florida, Second District.
September 19, 1997.
Roy L. Glass of Law Offices of Roy L. Glass, St. Petersburg, for appellants.
Marie A. Borland of Hill, Ward & Henderson, P.A., Tampa, for appellee.
QUINCE, Judge.
Carrie Hargis Robinson, by and through her mother and next friend, Shirley Hargis, *724 challenges a final judgment entered in her medical malpractice action. The trial court dismissed the complaint holding the action was barred by section 95.11, Florida Statutes (1995).[1] Because West Virginia has a more significant relationship with the parties and the action, West Virginia's statute of limitations should have been applied. We, therefore, reverse and remand for further proceedings.
Robinson, a West Virginia resident, filed suit in Pinellas County, Florida, against the estate of Dr. Carmelo Terlizzi to recover damages for injuries allegedly caused by Dr. Terlizzi's medical negligence during her delivery and birth on May 12, 1977.[2] On May 12, 1977, Shirley Hargis was admitted to Cabell Huntington Hospital, in Cabell County, West Virginia, under the care of Dr. Terlizzi. Mrs. Hargis was provided pre-natal obstetrical care by Dr. Terlizzi prior to this hospital admission. It is alleged that Robinson was born with perinatal asphyxia, hypoxia, and a seizure disorder as a result of Dr. Terlizzi's medical negligence. Dr. Terlizzi practiced medicine in West Virginia but retired to Florida, where he died in 1987.
Robinson argues the West Virginia statute of limitations applies to this action because the negligent conduct which gave rise to the cause of action occurred in West Virginia and because the parties were West Virginia residents at the time of the occurrence. We agree but note that our decision conflicts with a decision from the Third District on the same issue. See Rodriguez v. Pacific Scientific Co., 536 So.2d 270 (Fla. 3d DCA 1988), review denied, 545 So.2d 1368 (1989).
Robinson alleges, and it is not disputed, that her cause of action for medical malpractice is not barred under the West Virginia statute of limitations. She argues that section 55-2-15, West Viriginia Code (1995),[3] a general tolling provision which tolls the statute of limitations on infants' claims while they are minors, makes her claim viable under West Virginia law. Robinson further argues that this limitations provision governs the action rather than the limitations period imposed by section 95.11, Florida Statutes (1993). Thus, the question to be settled here is whether Florida's statute of limitations was properly applied to a tort action which arose in West Virginia and which is not barred by that state's statute of limitations.
In Bishop v. Florida Specialty Paint Co., 389 So.2d 999 (Fla.1980), the supreme court adopted the analysis set forth in the Restatement (Second) of Conflict of Laws, section 145 (1971), for the purpose of settling conflicts of law involving substantive issues. Section 145 provides:

THE GENERAL PRINCIPLE
(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in s 6.
(2) Contacts to be taken into account in applying the principles of s 6 to determine the law applicable to an issue include:

*725 (a) the place where the injury occurred,
(b) the place where the conduct causing the injury occurred,
(c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and
(d) the place where the relationship, if any, between the parties is centered.
The plaintiffs in Bishop were Florida residents, who were injured in a plane crash in South Carolina. They brought suit in Florida alleging negligent operation of the aircraft. The plaintiffs argued in favor of applying Florida law, which allows recovery under an ordinary negligence standard. Conversely, South Carolina's guest aviation statute required a showing of intentional misconduct or recklessness. The trial court granted summary judgment in favor of the defendants, holding that conflicts of substantive law would be settled in favor of the state where the injury occurreda principle commonly referred to as the lex loci delicti rule. The district court affirmed but certified the question to the Florida Supreme Court.
The supreme court reversed and adopted the significant relationships test for determining substantive law conflicts, reasoning that, "Other factors may combine to outweigh the place of injury as a controlling consideration, making the determination of applicable law a less mechanical, and more rational, process." Id. at 1001. Applying the test, the court held that Florida would govern the action because all relevant parties were Florida residents, the trip was to begin and end in Florida, and the host-guest relationship between the parties arose in Florida.
The principles set forth in Restatement section 145 were later applied by the supreme court in the context of a procedural conflict of law in Bates v. Cook, 509 So.2d 1112 (Fla.1987). The plaintiff in Bates filed an action in a Florida state court alleging theft of trade secrets based on an oral agreement to evaluate and market medical devices. The oral agreement was entered into in Clearwater, Florida. The defendant, an Indiana corporation, removed the action to federal district court and moved for summary judgment on the ground that Indiana's statute of limitations had expired. The defendant relied on Florida's borrowing statute, section 95.10, Florida Statutes (1985). This statutory provision bars actions brought in Florida which arose outside the state and which are time-barred in the jurisdiction in which they arose. Reluctant to make the conflict determination without guidance from this state's supreme court, the Eleventh Circuit certified the following question:
For the purpose of applying Florida's limitations of actions "borrowing" statute., is the determination whether a cause of action for theft of trade secrets has arisen in a state other than Florida to be made solely with reference to the state in which the "last act necessary to establish liability" occurred, ... or with reference to the "significant relationships" that the respective states have to the cause of action?
Bates v. Cook, Inc., 791 F.2d 1525 (11th Cir.1986). In answering the certified question, the court held that the significant relationship test should be applied when making conflict of law determinations involving statutes of limitations. Id. at 1114. The court abandoned the conventional practice of justifying the use of a different analysis for making conflict of law determinations involving statutes of limitation based on their classification as procedural, rather than substantive.
Although Bates involved the application of Florida's borrowing statute, section 95.10, we read the language in Bates to be applicable to any conflict of law question concerning a statute of limitation, including section 95.11, Florida Statutes (1993). Thus, we believe Florida's statute of limitations should not be used to bar a cause of action which arose in another state or territory when that state or territory has the more significant relationship to the cause of action, and the action is not barred in the foreign state. In this case, the parties lived in West Virginia at the time of the injury, the injury occurred in West Virginia, the doctor-patient relationship began and ended in West Virginia, and the contract of insurance was entered into in West Virginia. The relationship of Florida to this action is limited to the fact that Dr. Terlizzi, some ten years after this injury, changed his residence to Florida. Under the significant relationship test, West *726 Virginia has more interest in this cause of action; therefore, its statute of limitations should apply.
Because our holding conflicts with that of our sister court in Rodriguez v. Pacific Scientific Co., we certify the following question to the Florida Supreme Court:
DOES THE SIGNIFICANT RELATIONSHIP TEST ADOPTED IN BATES V. COOK, 509 So.2d 1112 (Fla.1987), FOR USE IN APPLYING FLORIDA'S BORROWING STATUTE, SECTION 95.10, FLORIDA STATUTES, ALSO APPLY TO CASES INVOLVING FLORIDA'S STATUTE OF LIMITATIONS, SECTION 95.11, FLORIDA STATUTES?
We reverse the trial court's order dismissing the cause of action and certify the question stated above.
FRANK, A.C.J., and PATTERSON, J., concur.
NOTES
[1] 95.11 Limitations other than for the recovery of real property

 Actions other than for recovery of real property shall be commenced as follows:
(4) WITHIN TWO YEARS.
(b) An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; however, in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued.
[2] Robinson filed suit against Dr. Terlizzi's estate in West Virginia, but the action was dismissed because West Virginia's long-arm statute could not be used to obtain personal jurisdiction over the defendant. The cause of action arose in 1977, and West Virginia's long-arm statute became effective in 1978.
[3] 55-2-15 General saving as to persons under disability

If any person to whom the right accrues to bring any such personal action, suit or scire facias ... shall be, at the time the same accrues, an infant or insane, the same may be brought within the like number of years after his becoming of full age or sane that is allowed to a person having no such impediment to bring the same after the right accrues ... except that it shall in no case be brought after twenty years from the time when the right accrues.