David **BARTON**, Plaintiff,

v.

**THE HERTZ CORPORATION, a Delaware corporation; Ford Motor Company, a Delaware corporation; John Doe, an air bag manufacturer and/or supplier; and Autoliv ASP, Inc., f/k/a Morton International, Inc., an Indiana corporation, Defendants.**

No. 98–1245–CIV–T–17A.

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 11, 1999.

Robert C. Groelle, Powers, McNalis, Moody & Groelle, Lake Worth, FL, for David T. Barton, plaintiffs.

Walter A. Ketcham, Jr., Jeanelle G. Bronson, Grower, Ketcham, More', Rutherford, Noecker, Bronson, Siboni & Eide, P.A., Orlando, FL, for Hertz Corp., defendant.

Francis M. McDonald, Jr., Cabaniss, McDonald, Smith & Wiggins, P.A., Orlando, FL, for Ford Motor Co., defendant.

Edward Randall Nicklaus, Nicklaus & Wicks, P.A., Coral Gables, FL, for Autoliv ASP, Inc., defendant.

*ORDER ON AMENDED DISPOSITIVE MOTION TO DISMISS AND ALTERNATIVE MOTION TO STRIKE BY DEFENDANT HERTZ*

KOVACHEVICH, Chief Judge.

This cause is before the Court on the Amended Dispositive Motion to Dismiss and alternative Motion to Strike (Dkt.20) of Defendant Hertz Corporation, and Plaintiff's response.

*STANDARD OF REVIEW*

Under *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), a district court should not dismiss a complaint "for failure to state a claim unless it appears beyond a doubt that plaintiff can prove no set of facts" that would entitle the plaintiff to relief. 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Bracewell v. Nicholson Air Services, Inc.,* 680 F.2d 103, 104 (11th Cir.1982). To survive a motion to dismiss, a plaintiff may not merely "label his or her claims." *Blumel v. Mylander,* 919 F.Supp. 423, 425 (M.D.Fla. 1996). At a minimum, the Federal Rules of Civil Procedure require "a short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Conley,* 355 U.S. at 47, 78 S.Ct. 99 (quoting Fed.R.Civ.P. 8(a)(2)).

In deciding a motion to dismiss, a court can only examine the four corners of the complaint. *Rickman v. Precisionaire, Inc.,* 902 F.Supp. 232 (M.D.Fla.1995). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *Ancata v. Prison Health Services Inc.,* 769 F.2d 700, 703 (11th Cir. 1985) (citation omitted). Also a court must accept a plaintiff's well pled facts as true and construe the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Howry v. Nisus, Inc.,* 910 F.Supp. 576 (M.D.Fla.1995). However, when, on the basis of a dispositive issue of law, no construction of the actual allegation of a complaint will support the cause of action, dismissal of the complaint is appropriate. *Executive 100, Inc. v. Martin County,* 922 F.2d 1536 (11th Cir.1991), *cert. denied,* 502 U.S. 810, 112 S.Ct. 55, 116 L.Ed.2d 32 (1991); *Powell v. United States,* 945 F.2d 374 (11th Cir.1991).

*FACTUAL BACKGROUND*

Plaintiff, DAVID BARTON, has sued Defendants alleging the following: 1) strict lia-

bility against Ford Motor Company; 2) negligence against Ford Motor Company; 3) breach of implied warranties against Ford Motor Company; 4) negligent infliction of emotional distress against Ford Motor Company; 5) strict liability against the Hertz Corporation; 6) negligence against the Hertz Corporation; 7) breach of implied warranties against the Hertz Corporation; 8) breach of contract against the Hertz Corporation; 9) negligent infliction of emotional distress against the Hertz Corporation; 10) strict liability against John Doe; 11) negligence against John Doe; 12) breach of implied warranties against John Doe; 13) negligent infliction of emotional distress against John Doe; 14) strict liability against AUTOLIV; 15) negligence against AUTOLIV; 16) breach of implied warranties against AUTO-LIV, and 17) negligent infliction of emotional distress against AUTOLIV (Dkt.1).

Plaintiff's claims arise from a single car accident in Arizona, where he collided with a cow that caused the air bag in the vehicle which Plaintiff was driving to deploy. Plaintiff bases his jurisdiction in this Court on diversity of citizenship under 28 U.S.C. § 1332. He alleges that his citizenship and domicile was in Florida at the time the causes of action accrued, and that Defendants, Hertz, Ford Motor Company, John Does, and AUTOLIV ASP, Inc., f/k/a Morton International, Inc., all had their principal place of business or state of incorporation in states other than Florida.

### ANALYSIS

### I. Choice of Law

Defendant claims that since the present incident occurred in Arizona, and involved someone's livestock, the law of the State of Arizona should apply. According to Florida Statute, Section 95.10 "when the cause of action arose in another state or territory of the United States, or in a foreign county, and its laws forbid the maintenance of the action because of lapse of time, no action shall be maintained." Further, Defendant maintains that following this rule, Arizona's rule of law should apply. As such, Arizona's statute of limitations, Ariz.Rev.Stat. Sec 12–542, is two years for tort claims and therefore, Plaintiff's claim is time barred (Dkt.20).

The Florida Supreme Court in *Bishop v. Florida Specialty Paint Co.*, 389 So.2d 999, 1001 (Fla.1980), receded from the *lex loci delicti* rule and adopted the significant relationship test as set forth in the Restatement (Second) of Conflicts of Law Section 145, 146 and Section 6. Section 145 of the Restatement provides that:

1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principals stated in Section 6.

2) Contacts to be taken into account in applying the principles of Section 6 to determine the law applicable to an issue include:

  a) The place where the injury occurred,

  b) The place where the conduct causing the injury occurred,

  c) The domicile, residence, nationality, place of incorporation, and place of business of the parties, and

  d) The place where the relationship, if any, between the parties is centered.

These contacts are to be evaluated according to their relative importance with respect to the particular issue. *Id.* at 1001.

The Court must first apply Restatement Section 145(2) to identify which sovereigns have interests in applying their laws to the cause of action. *Judge v. American Motors Corporation*, 908 F.2d 1565, 1568 (11th Cir. 1990). Once the sovereigns have been identified, a determination must be made which sovereign's interest is the most significant. *Id.* at 1569. This evaluation is not done by simply adding up the factors listed in the Restatement Section 145(2) and then applying the law of the sovereign with the greatest numerical total. *Id.* Instead, the evaluation is accomplished by applying the factors stated in Section 6 of the Restatement. *Id.*

### A. Place Where the Injury Occurred

██ The state where the injury occurs may have little actual significance to the cause of action. *Bishop* at 1001. The mere happenstance of an accident's occurrence in another state does not create significant con-

tacts for applying that state's law in a choice of law dispute. *Crowell v. Clay Hyder Trucking Lines, Inc.*, 700 So.2d 120, 123 (Fla. 2d DCA 1997).

■ Additionally, the court in *Harris v. Berkowitz*, 433 So.2d 613 (Fla. 3d DCA 1983), stated that when the place of injury is fortuitous or bears little relation to the occurrence, the place of injury does not play a significant role in the selection of the applicable law. In *Harris*, the only relationship the State of Maine had to the cause of action was that the accident occurred in Maine. *Id.* The court in *Proprietors Insurance Co. v. Valsecchi*, 435 So.2d 290 (Fla. 3d 1983), made a similar determination. In that case, the state of North Carolina became the place of the injury by the mere happenstance that the plane crashed on its soil. *Id.* at 295. The place of the injury takes place *only* when a comparison of the competing state's contacts reveals that it is the state most significantly connected to the particular issue in the litigation. *Id.* at 294.

■ Plaintiff's trip began and was to end in Florida. Plaintiff's injuries that are the subject of this suit were first diagnosed in Florida. Further, no one from Arizona is a party to this lawsuit; therefore, the mere happenstance that Plaintiff hit a cow in Arizona does not establish significant relationships with Arizona to apply that state's law.

### B. The Place Where the Conduct Causing the Injury Occurred

Plaintiff entered into the contract for the rental of the 1994 Lincoln Towncar with Defendant, Hertz Corporation, in Florida. The state where the conduct causing the injury occurred is not always a significant factor in strict liability cases. *Florida Steel Corp. v. Whiting Corp.*, 677 F.Supp. 1140 (N.D.Fla. 1988). The fact that Plaintiff entered into a contract for the rental of the vehicle in the State of Florida shows that Florida has a dominant interest in the application of the law of its state.

### C. The Domicile, Residence, Nationality, Place of Incorporation, and Place of Business of the Parties

At the time of the incident, Plaintiff was a resident of the State of Florida. All Defendants are foreign corporations registered and authorized to do business in Florida and maintained a registered agent in Florida. When all the parties are present in the forum and that forum's court will resolve the dispute, there is little reason to import or "borrow" foreign policies or attitudes about the timeliness of litigation. *Mezroub v. Capella*, 702 So.2d 562, 566 (Fla. 2d DCA 1997). Additionally, there is no relationship between the State of Arizona and the domicile, residence, nationality, place of incorporation, or place of business of any of the parties.

### D. The Place Where the relationship, if any, between the Parties Centered

The center of the relationship is important only if "the injury was caused by an act done in the course of the relationship" and the relationship should be narrowly defined. *Foster v. United States*, 768 F.2d 1278 (11th Cir.1985). Plaintiff rented the vehicle from Defendant in the State of Florida which indicates that the relationship is centered in Florida. For a statute of limitations issue, when one state is the place of relationship for all parties, these contacts are far more important that the place of injury. *Mezroub* at 565.

### II. Claims For Punitive Damages

Defendant avers that Plaintiff has improperly pled claims for punitive damages under Florida Statute, section 768.72, by not providing a "reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." Upon review of the Florida Statute and case law provided by Defendant, Hertz Corporation, Plaintiff concedes that it is premature for Plaintiff to assert a claim for punitive damages against Defendant (Dkt.26). As such, the Court grants the Motion to Strike all claims for punitive damages from Plaintiff's complaint.

### III. Claims For Attorney's Fees

As to Plaintiff's claims for attorney's fees, Defendant maintains that Plaintiff's claim for attorney's fees fails to meet the requirements of Florida law. Under Florida law, attorney's fees may be awarded to a prevailing party in three circumstances: (1) where authorized by contract; (2) where authorized by a constitutional legislative enactment; or

(3) where awarded for services performed by an attorney in creating or bringing into court a fund or other property. *Kittel v. Kittel,* 210 So.2d 1 (Fla.1967). The Court finds that Plaintiff's claim for attorney's fees does meet the requirements of Florida law referenced above.

Further, the Magnuson–Moss Warranty Act authorizes recovery of attorney's fees in an action where the consumer is damaged by a supplier's failure to comply with any obligation under an implied warranty and provides that the consumer may bring a civil action for damages and other legal and equitable relief in any state court. *Tuppens, Inc. v. Bayliner Marine Corp.,* 541 So.2d 1281 (Fla. 4th DCA 1989). Plaintiff has a statutory legal basis to bring a claim for attorney's fees pursuant to the Magnuson–Moss Warranty Act. 15 U.S.C.A. § 2310 through 2312 (1998).

The court in *Mechanical Methods Co. v. Klein,* 535 So.2d 693 (Fla. 4th DCA 1988), indicated that the defendant needed to have prior notice that the plaintiff would seek attorney's fees based on the Magnuson–Moss Warranty Act. In *Klein,* the appellate court determined that the trial court erred in awarding attorney's fees to the plaintiff as the plaintiff failed to plead the statutory basis for entitlement to attorney's fees in any pleading, motion, memorandum or other document filed with the trial court.

The Court finds that Plaintiff's memorandum of law in opposition to the Hertz Corporation amended dispositive motion to dismiss (Dkt.26), puts Defendant on notice that Plaintiff is relying on the Magnuson–Moss Warranty Act as its basis for attorney's fees. The Motion to Dismiss or Strike Plaintiff's claim for attorney's fees is denied.

### CONCLUSION

The Court finds that the State of Florida has a more significant relationship to the parties and events in this action than any other state, and that the action was properly brought in Florida. Therefore Defendant's Motion to Dismiss is denied.

As to Plaintiff's claims for punitive damages, the Court grants the Motion to Dismiss or Strike. As to Plaintiff's claim for attorney's fees, the Court denies the Motion to Dismiss or Strike. Accordingly, it is

**ORDERED** that Defendant's Amended Dispositive Motion to Dismiss and Alternative Motion to Strike (Dkt.20)is denied in part as to Defendant's motion to dismiss, and motion to strike Plaintiff's claim for attorney's fees. The Motion to Dismiss or Strike the claim for punitive damages is granted.