DAVIS, Judge.
David C. McNeil challenges the final summary judgment entered against him in this conflict of laws decision arising out of an Amtrak crash in South Carolina. We reverse and remand.
On April 22, 1995, David McNeil purchased from National Railroad Passenger Corporation (Amtrak) a round-trip railway ticket for a trip from Lakeland, Florida, to Philadelphia, Pennsylvania. On May 2, 1995, as McNeil was returning to Lakeland from Philadelphia, the Amtrak train in which he was riding collided with a traetor-lowbed semitrailer that had lodged on a hump grade crossing. The accident, which occurred north of Sycamore, South Carolina, caused both locomotives and fourteen of the sixteen train cars to derail, injuring McNeil.
On September 28, 1998, McNeil filed a two-count complaint for personal injuries against Amtrak and CSX Transportation, Inc., in the circuit court in Polk County, Florida. He contended that Amtrak breached its duty of safe carriage to him due to the alleged negligent acts of its engineer in operating the train, and he alleged that CSX, as the owner of the tracks, had negligently designed, installed, and maintained the crossing. Amtrak and CSX filed separate answers and affirmative defenses. The action was removed to federal court on January 20, 1999, because Amtrak was created by an Act of Congress, thus vesting the federal court with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1349 (1995). The federal court subsequently allowed CSX to amend its affirmative defenses to include a statute of limitations defense.
On November 22, 1999, Amtrak and CSX moved for summary judgment with supporting memoranda on the statute of limitations defense. McNeil then moved to voluntarily dismiss Amtrak (the source of original federal jurisdiction) and remand the action to state court. On March 20, 2000, the federal court granted the motion. Although, in the interim, the state court action had been dismissed for lack of prosecution, the Polk County circuit court granted the motion to set aside the order of dismissal, allowing the case to proceed.
Both McNeil and CSX moved for summary judgment on CSX’s statute of limita *229 tions affirmative defense. CSX argued that section 95.10, Florida Statutes (2000), requires the Florida court to “borrow” the three-year South Carolina statute of limitations for use in a lawsuit involving an accident that occurred in South Carolina. McNeil maintained that Florida’s four-year statute of limitation applied. The trial court agreed with CSX that the South Carolina law applied and granted CSX’s motion for summary judgment. McNeil’s motion for rehearing was denied.
The trial court erred in granting the summary judgment. Before “borrowing” the South Carolina statute of limitations, the trial court must apply the “significant relationship” analysis. See Bates v. Cook, Inc. 509 So.2d 1112 (Fla.1987). Judge Altenbernd outlined the appropriate analysis in Mezroub v. Capella, 702 So.2d 562 (Fla. 2d DCA 1997). First, it is presumed that the law of the place of the injury will apply. However, if another state has a more “significant relationship” to the particular issue, that state’s law should be applied. If no state has a clearly dominant interest, the presumption reverts back to the law of the state of the place of injury.
The facts in Mezroub were very similar to those in this case. There, this court considered the interest that Florida and the state where the accident occurred would have in the statute of limitations determination. This court concluded that “[f]or a statute of limitations issue, when one state is both the residence and place of relationship for all parties, these contacts are far more important than the place of injury.” Mezroub, 702 So.2d at 565-66. The result of the application of this analysis is that if both parties are residents of the same state and that state’s courts will resolve their dispute, that state’s statute of limitations should apply. Id.
In the instant ease, McNeil is a Florida resident and CSX’s principal place of business is Jacksonville, Florida.[1] The action is in the Florida courts and, accordingly, the Florida statute of limitations should apply. We, therefore, conclude that the trial court erred in entering summary judgment in favor of CSX on its statute of limitations affirmative defense.
Reversed and remanded for further proceedings consistent with this opinion.
WHATLEY and KELLY, JJ., Concur.

. Although CSX is incorporated under the laws of Virginia, CSX acknowledged that Jacksonville, Florida, is the site of its principal office.