[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13166

Non-Argument Calendar

_____

SANDRA FRANK,

Plaintiff-Appellant,

versus

DRURY HOTELS COMPANY, LLC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:20-cv-00982-BJD-PDB

_____

Before ROSENBAUM, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

In this slip-and-fall case, Plaintiff Sandra Frank appeals the district court's dismissal of Plaintiff's civil action against Drury Hotels Co., LLC ("Drury Hotels"). The district court determined that Plaintiff's complaint was time-barred by the applicable statute of limitations. No reversible error has been shown; we affirm.

On 29 July 2017, Plaintiff "slipped and fell on a pool of water" while visiting the Drury Inn and Suites in Valdosta, Georgia. On 29 July 2020, Plaintiff -- a Florida resident -- filed this lawsuit in Florida state court. Plaintiff asserted a claim for negligence against Drury Hotels.

Drury Hotels removed the case to federal district court based on diversity jurisdiction. Drury Hotels then moved to dismiss Plaintiff's complaint. Drury Hotels argued that Plaintiff's negligence claim was governed by Georgia law -- not Florida law -- and was barred by Georgia's two-year statute-of-limitations.

The district court granted Drury Hotels' motion to dismiss. The district court noted that the viability of Plaintiff's complaint hinged on whether Plaintiff's tort action was governed by Georgia law (which applies a two-year statute-of-limitations) or by Florida

law (which applies a four-year statute-of-limitations).[1]  The district court concluded that the choice-of-law factors weighed in favor of applying Georgia law.  The district court dismissed Plaintiff's complaint as time-barred by the applicable statute-of-limitations.

We review *de novo* the grant of a motion to dismiss, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff.  *See Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 694 (11th Cir. 2016).  We review *de novo* a choice-of-law determination and review the underlying factual findings for clear error.  *See Grupo Televisa, S.A. v. Telemundo Commc'ns Grp., Inc.*, 485 F.3d 1233, 1239 (11th Cir. 2007).

"A federal court sitting in diversity will apply the conflict-of-laws rules of the forum state" -- in this case, Florida.  *See id.* at 1240.  When faced with a conflict of laws in a tort case, Florida courts apply the "most significant relationship" test outlined in the Restatement (Second) of Conflict of Laws §§ 145 and 146.  *Id.*; *Bishop v. Fla. Specialty Paint Co.*, 389 So. 2d 999, 1001 (Fla. 1980).

Under the "most significant relationship" test, courts examine four factual "contacts" in determining which state has the most significant relationship to the events and to the parties: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil, residence, nationality,

---

[1] *See* O.C.G.A. § 9-3-33 (providing a two-year statute-of-limitations for personal injury claims); Fla. Stat. § 95.11(3)(a) (providing a four-year statute-of-limitations for negligence claims).

place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." *Grupo*, 485 F.3d at 1240. These contacts are "evaluated according to their relative importance with respect to the particular issue" and are "to be taken into account" in applying the policy principles outlined in the Restatement (Second) of Conflict of Laws § 6.[2] *Id.*; Restatement (Second) of Conflict of Laws § 145 (Am. Law Inst. 1988).

In a personal injury action, courts will apply "the local law of the state where the injury occurred" unless another state "has a more significant relationship" to the issue. *See Bishop*, 389 So. 2d

---

[2] The choice-of-law principles outlined in section 6 include, but are not limited to:

(a) the needs of interstate and international systems,

(b) the relevant policies of the forum,

(c) the relevant policies of other interested states and the relative interests of those states in the determinations of the particular issue,

(d) the protection of justified expectations,

(e) the basic policies underlying the particular field of law,

(f) certainty, predictability and uniformity of result, and

(g) ease in the determination and application of the law to be applied. Restatement (Second) of Conflict of Laws § 6.

21-13166               Opinion of the Court                    5

at 1001 (citing Restatement (Second) of Conflict of Laws § 146); *Mezroub v. Capella*, 702 So. 2d 562, 565 (Fla. Dist. Ct. App. 1997).

The district court concluded properly that this case is governed by Georgia law. Because Plaintiff's personal injury occurred in Georgia, the standard rule means that Georgia law applies to Plaintiff's negligence claim unless Florida has a more significant relationship to the case. *See Bishop*, 389 So. 2d at 1001; *Mezroub*, 702 So. 2d at 565.

Three of the "contacts" identified in section 145 weigh in favor of applying Georgia law to Plaintiff's tort claim. Plaintiff's injury occurred in Georgia. The conduct causing Plaintiff's injury -- the alleged failure by hotel staff in Georgia to clean the spill -- also occurred in Georgia.[3] The relationship between Plaintiff and Drury Hotels was also "centered" in Georgia. Although Plaintiff says she booked her hotel reservation online from her home in Florida, the relationship between Plaintiff and Drury Hotels stemmed chiefly from Plaintiff's visit to Georgia and from the injury Plaintiff sustained while Plaintiff was a guest of Drury Hotels in Georgia.

---

[3] The district court committed no error in rejecting Plaintiff's hypothetical assertion -- based on speculative facts not alleged in the complaint -- that some out-of-state company policy might have contributed to the spill that resulted in Plaintiff's injury.

The remaining "contact" -- dealing with the residence of the parties -- favors neither state because Plaintiff is a resident of Florida and Drury Hotel's place of business is in Georgia.

Considering these pertinent contacts in conjunction with the policy considerations outlined in section 6 of the Restatement, we cannot conclude that Florida's relationship to this case is "more significant" than that of Georgia. Applying the "significant relationship" test, the district court concluded properly that Plaintiff's negligence claim is governed by Georgia law. Plaintiff's complaint (filed three years after Plaintiff's injury) was thus subject to dismissal as time-barred under Georgia's two-year statute-of-limitations.

AFFIRMED.